**Opinion filed October 30, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00182-CR

_____

## ALVIN VAN SPOTWOOD, III, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 10745-D**

## O P I N I O N

Alvin Van Spotwood, III entered an open plea of guilty to a second-degree felony offense of possession of four or more grams but less than 200 grams of a controlled substance, cocaine, in a drug-free zone.[1]   The State and Appellant agreed, in a limited agreement, that Appellant's punishment would be capped at imprisonment for ten years.  The trial court assessed Appellant's punishment at confinement for eight years and sentenced him.  Appellant asserts in a single issue that the trial court improperly denied his motion to suppress.  We affirm.

---

[1]TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010), § 481.134(c) (West Supp. 2014).

I. *Evidence Presented at the Hearing on the Motion to Suppress*

Scott Ferrell, a police officer with the Abilene Police Department, received information from a confidential informant that Appellant had possession of cocaine at Appellant's residence. Officer Ferrell prepared an affidavit to support an arrest and search warrant. He alleged that Appellant possessed cocaine and other items at Appellant's residence.[2] Mike McAuliffe, a justice of the peace, reviewed Officer Ferrell's affidavit. Justice of the Peace McAuliffe issued an arrest and search warrant to search Appellant's residence. The warrant provides in relevant part:

> YOU ARE THEREFORE COMMANDED TO FORTHWITH SEARCH THE PLACE ABOVE NAMED AND DESCRIBED WHERE THE SAID CONTROLLED SUBSTANCE, TO WIT: *Cocaine, and/or items that constitute evidence relating to the said offense*, including items described in the attached affidavit, to include, correspondence, telephone bills, utility bills, utility company receipts, drug notes, drug ledgers, scales, packaging materials, price lists, customer names, address books, statements regarding the identity, location, types and amounts of assets in the United States, air bill package receipts, business records, cellular telephones, electronic data contained in cellular phones, pagers, caller ID devices, money orders, U.S. Currency and other financial instruments, safes and other locked containers, photographs, videotapes and negatives, which are alleged to be concealed, and if you find such controlled substances, and/or items that constitute evidence relating to said offense, or any portion thereof, you will seize the same and bring it before me at my office, situated in Abilene, Taylor County, Texas on the 11th day of December, 2012, A.D.

(emphasis added). When police officers executed the search warrant, they found cocaine, other contraband, and several items indicating ownership of narcotics.

---

[2]The grand jury indicted Appellant for possession of more than four grams but less than 200 grams of a controlled substance, cocaine, within 1,000 feet of a school, the Kid's Corner Learning Center, in Abilene. The grand jury also indicted Appellant for possession of more than four grams but less than 200 grams of a controlled substance, cocaine, with intent to deliver, within 1,000 feet of a school.

Appellant moved, before trial, to suppress evidence seized under the search warrant. Appellant claimed that the warrant was an "evidentiary" search warrant and had to be issued by a statutorily defined magistrate—not a justice of the peace. *See* TEX. CODE CRIM. PROC. ANN. arts. 18.01(c), 18.02(10) (West 2015). The State did not dispute that Justice of the Peace McAuliffe lacked the authority to issue certain portions of the warrant and even characterized his doing so as an "error on the part of the police." Instead, the State argued that the cocaine and items that demonstrated Appellant's ownership of the cocaine should be admitted because Justice of the Peace McAuliffe could issue a warrant for their seizure. *See* CRIM. PROC. art. 18.02(a)(7).

The trial court announced its decision in its findings of fact and conclusions of law. In the findings, the trial court found that Justice of the Peace McAuliffe was authorized, under Section 18.02(a) of the Texas Code of Criminal Procedure, to sign the search warrant for the police to seize the cocaine. The trial court held that the part of the search warrant that authorized the seizure of "cocaine" was "valid." The trial court also held that the remainder of the warrant was invalid, and it severed the "valid" part from the "invalid" part. The trial court then suppressed the items seized under the "invalid" part of the warrant.

## II. *Standard of Review*

We review the trial court's decision on a motion to suppress evidence under a bifurcated standard of review. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007) (citing *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005)); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000) (citing *Guzman v. State*, 955 S.W.2d 85, 88–89 (Tex. Crim. App. 1997)). Appellate courts should afford almost total deference to a trial court's determination of the historical facts that the record supports, especially when the trial court's findings of fact are based on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d

3

at 88–89. We review de novo the trial court's application of the law. *Id.*; *Carmouche*, 10 S.W.3d at 327; *Davila v. State*, 4 S.W.3d 844, 847–48 (Tex. App.—Eastland 1999, no pet.). We review the evidence in the light most favorable to the trial court's decision and will uphold that decision if it is reasonably supported by the record. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006); *Carmouche*, 10 S.W.3d at 327.

### III. *Analysis*

Appellant contends that the trial court erred when it refused to suppress the cocaine and other items seized under the search warrant. Appellant contends (1) that the core language of the warrant was general in character and (2) that the "valid" description of cocaine was "inextricably intertwined" with the core language of the warrant. He claims that the warrant was wholly evidentiary because the "valid" portion of the warrant was "inextricably intertwined" with the "invalid" portion. He thus argues that the trial court abused its discretion when it ordered the "valid" portion of the warrant severed from the "invalid" portion.

The Court of Criminal Appeals, in *Walthall v. State*, adopted a rule of severability by which invalid portions of a warrant may be severed from the valid portions. *See Walthall v. State*, 594 S.W.2d 74, 79 (Tex. Crim. App. [Panel Op.] 1980). However, the court cautioned that severability should not be used to allow warrants that are "essentially general in character *but as to minor items meet the requirement of particularity.*" *Id.* (emphasis added) (quoting *Aday v. Superior Court*, 362 P.2d 47, 52 (Cal. 1961)). Consequently, with the exclusion of an essentially general warrant, the appropriate remedy when presented with a partially invalid warrant "is not to suppress the fruits of the entire warrant but to strike the offending clauses and exclude evidence that does not fit within the warrant as modified." *Ramos v. State*, 934 S.W.2d 358, 363 & n.7 (Tex. Crim. App. 1996) (citing *Walthall*, 594 S.W.2d at 79).

4

Appellant requests that we impose an "inextricably intertwined" standard to tie the contents of the warrant together and invalidate the severance of the warrant by the trial court. Appellant cites no case law to support his position, and we have not found a case that applied the "inextricably intertwined" standard in this context. We decline to adopt such a standard. We will analyze the issue in light of *Walthall*'s concerns and address whether cocaine was a minor item listed in an otherwise "essentially general" warrant. *See Walthall*, 594 S.W.2d at 79. In Officer Ferrell's affidavit, he alleged that Appellant "did then and there unlawfully possess and does at this time unlawfully possess a substance prohibited by the Health and Safety Code of the State of Texas, To-Wit: Cocaine." The affidavit alleged no other offense. Under such circumstances, cocaine—the possession of which was the linchpin of Officer Ferrell's affidavit—cannot be described as a "minor item." *See Id.*; *Checo v. State*, 402 S.W.3d 440, 446 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd.). Consequently, the trial court did not abuse its discretion when it severed the warrant into two parts and found that the authorization of the seizure of cocaine was valid, while the remainder of the warrant was invalid. *See Ramos*, 934 S.W.2d at 363–64; *Walthall*, 594 S.W.2d at 79; *Checo*, 402 S.W.3d at 446. We overrule Appellant's sole issue.

### IV. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

October 30, 2015                                                                    JUSTICE

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5