PD-1642-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/18/2015 9:49:08 AM
Accepted 12/19/2015 10:04:39 AM
ABEL ACOSTA
CLERK

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

ALVIN VAN SPOTWOOD, III,
                APPELLANT

NO. _____

(COURT OF APPEALS NO. 11-14-00182-CR; TRIAL COURT NO. 10745-D)

STATE OF TEXAS,
        APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR DISCRETIONARY REVIEW
FROM THE COURT OF APPEALS
ELEVENTH JUDICIAL DISTRICT
EASTLAND, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CHIEF JUSTICE JIM R. WRIGHT, PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STAN BROWN
P.O. BOX 3122
ABILENE, TEXAS 79604
325-677-1851
FAX 325-677-3107
STATE BAR NO. 03145000
EMAIL: mstrb@aol.com

ATTORNEY FOR APPELLANT

FILED IN
COURT OF CRIMINAL APPEALS

December 18, 2015

ABEL ACOSTA, CLERK

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS


ALVIN VAN SPOTWOOD, III,
        APPELLANT


                     NO. _____
                     (COURT OF APPEALS NO. 11-14-00182-
                     CR; TRIAL COURT NO. 10745-D)

STATE OF TEXAS,
        APPELLEE


**IDENTITY OF JUDGE, PARTIES, AND COUNSEL**

Hon. Thomas M. Wheeler
350th District Court
Taylor County Courthouse
Abilene, TX 79602

Stan Brown
Appellant's Attorney/ Appeal
P.O. Box 3122
Abilene, TX 79604

James Eidson
District Attorney
Taylor County Courthouse
Abilene, TX 79602

Stuart Holden
Appellant's Attorney/Trial
P.O. Box 633
Ballinger, TX 76821

Britt Lindsey
Assistant District Attorney
Taylor County Plaza
Abilene, TX 79602

Alvin Van Spotwood, III, Appellant
5397 Questa
Abilene, TX 79605

# TABLE OF CONTENTS

| SUBJECT | PAGE |
|---|---|

IDENTITY OF JUDGE, PARTIES, AND COUNSEL...........................ii

STATEMENT REGARDING ORAL ARGUMENT.............................v

STATEMENT OF THE CASE.........................................................1

STATEMENT OF PROCEDURAL HISTORY.................................2

## QUESTION PRESENTED FOR REVIEW

Did the Court of Appeals err by refusing to recognize the search warrant in question was essentially an unauthorized evidentiary search warrant that should not have been subjected to severability? (C.R. at 10-12, 18, 43-44)(II R.R. at 4-5, 11-12)(V R.R.)......................................3

PRAYER FOR RELIEF.................................................................10

CERTIFICATE OF SERVICE......................................................10

CERTIFICATE OF COMPLIANCE.............................................11

# INDEX OF AUTHORITIES

## CASES

**PAGE**

*Aday v. Superior Court of Alameda County*, 55 Cal.2d 789, 13 Cal.Rptr. 415, 362 P.2d 47 (1961)...................................................................4

*Carmen v. State*, 358 S.W.3d 285 (Tex. App.-Houston [1ˢᵗ Dist.] 2011, pet. ref'd)...................................................................7

*Checo v. State*, 402 S.W.3d 440 (Tex. App.-Houston [14th Dist.] 2013, no pet.)...................................................................6-7

*Johnson v. United States*, 333 U.S. 10 (1948)...................................5

*Massey v. State*, 933 S.W2d 141 (Tex. Crim. App. 1996)......................4

*Riley v. California*, 134 S.Ct. 2473 (2014)......................................5-6

*State v. Duarte*, 389 S.W.3d 349 (Tex. Crim. App. 2012)......................6

*Thornton v. State*, 145 S.W.3d 228 (Tex. Crim. App. 2004)...................7-9

*Walthall v. State*, 594 S.W.2d 74 (Tex. Crim. App. 1980)......................4

*Wyatt v. State*, 23 S.W.3d 18 (Tex. Crim. App. 2000)..........................5

## CONSTITUTIONAL PROVISIONS & RULES                          PAGE

U.S. CONST. amend. IV..................................................*passim*

Tex. R. App. P. 9.4....................................................11

Tex. R. App. P. 66.3(c)................................................3

# STATEMENT REGARDING ORAL ARGUMENT

Appellant believes the QUESTION PRESENTED; the extent to which the doctrine of severability can constitutionally be applied to the unauthorized portion of a search warrant; is an issue that merits further clarification for the Bench and Bar. Therefore, the usual give and take of oral argument would be useful for the Court in determining the parameters of the doctrine of severability consistent with fundamental constitutional principles. Oral argument is essential in order to aid this Court's decisional processes by providing a more in-depth exploration of that issue.

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

ALVIN VAN SPOTWOOD, III,
        APPELLANT

NO. _____
(COURT OF APPEALS NO. 11-14-00182-
CR; TRIAL COURT NO. 10745-D)

STATE OF TEXAS,
        APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR DISCRETIONARY REVIEW
FROM THE COURT OF APPEALS
ELEVENTH JUDICIAL DISTRICT
EASTLAND, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATEMENT OF THE CASE

On April 25, 2014, Appellant pleaded guilty to the offense of possession of more than four grams and less than two hundred grams of cocaine in a drug free zone. (C.R. at 24). The plea bargain agreement was a sentence of between seven and ten years TDCJ-ID. (C.R. at 28). On June 5, 2014, the trial court sentenced Appellant to eight years TDCJ-1D. (C.R. at 36). The Trial Court's Certification of Defendant's Right of Appeal was filed June 5, 2014, and certified there were matters raised by written pretrial motion on which Appellant would have the right to appeal. (C.R. at 32). Notice of Appeal was filed July 7, 2014. (C.R. at 52). Appellant seeks review of the decision of the Court of Appeals that affirmed the conviction.

## STATEMENT OF PROCEDURAL HISTORY

Appellant presented one issue in his brief, and the Eastland Court of Appeals affirmed. *Spotwood v. State*, _____ S.W.3d _____ 2015 WL 6681362 (Tex. App.-Eastland October 30, 2015)(Appendix). Appellant filed a motion for rehearing November 16, 2015, which was denied without written opinion December 3, 2015. This petition is due to be filed by January 4, 2016; it is therefore timely filed.

## QUESTION PRESENTED FOR REVIEW

Did the Court of Appeals err by refusing to recognize the search warrant in question was essentially an unauthorized evidentiary search warrant that should not have been subjected to severability? (C.R. at 10-12, 18, 43-44)(II R.R. at 4-5, 11-12)(V R.R.)

## ARGUMENT

The combined "fruit of the poisonous tree" doctrine, as well as the law's limitations on evidentiary search warrants, merit review of the decision below that upheld the severability of what was essentially an evidentiary search warrant. By its conclusion at page five of the Slip Opinion, "Appellant requests that we impose an 'inextricably intertwined' standard to tie the contents of the warrant together and invalidate the severance of the warrant by the trial court. Appellant cites no case law to support his position, and we have not found a case that applied the 'inextricably intertwined' standard in this context. We decline to adopt such a standard. We will analyze the issue in light of Walthall's concerns and address whether cocaine was a minor item listed in an otherwise 'essentially general' warrant. See Walthall, 594 S.W.2d at 79;" the court below decided an important question of state and federal law that conflicts with the applicable decisions of this Court and the United States Supreme Court. Tex. R. App. P. 66.3(c).

The trial court concluded it had the authority to hold part of the

3

warrant valid and part of the warrant invalid, citing *Massey v. State*, 933 S.W2d 141, 148 (Tex. Crim. App. 1996)[1] and *Walthall v. State*, 594 S.W.2d 74, 79 (Tex. Crim. App. 1980). (C.R. at 43-44). Contrary to those cases, however, the lawful and unlawful portions of the search warrant in question were so "inextricably intertwined" as to be logically inseparable. And it must be pointed out *Walthall* recognized when that occurs, the invalid portions of the warrant should not be treated as severable:

> We are convinced that Aday v. Superior Court, supra,[2] states the proper rule. Accordingly, we hold that while the second, third, and fourth clauses of the search warrant in this case were constitutionally defective, the search for and seizure of the property described in the first clause were not rendered invalid by this defect. *In so holding, we adopt the following cautionary language of the California Supreme Court*:
>
> > (W)e do not mean to suggest that invalid portions of a warrant will be treated as severable under all circumstances. We recognize the danger that warrants might be obtained which are essentially general in character but as to minor items meet the requirement of particularity, and the wholesale seizures might be made under them, in the expectation that the seizure would in any event be upheld as to the property specified. Such an abuse of the warrant procedure, of course, could not be tolerated." Aday v. Superior Court, supra, 55 Cal.2d at 789, 13 Cal.Rptr. at 420, 362 P.2d at 52. *Id.* at 79. (Emphasis supplied).

---

[1] *Massey* is not relevant here as it held error had not been preserved: "In failing to identify evidence that was seized pursuant to the complained of portion of the affidavit, appellant has inadequately briefed this issue and therefore failed to preserve his claim for review." *Id.* at 148.

[2] *Aday v. Superior Court of Alameda County*, 55 Cal.2d 789, 13 Cal.Rptr. 415, 362 P.2d 47 (1961).

4

Certainly the "inextricably intertwined" language stems primarily from Rule 403 jurisprudence. *See for example, Wyatt v. State*, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000): "Any evidence presented by the State is generally prejudicial to the defendant; however, because the two crimes here were so intertwined, the evidence of one was necessarily probative of the other. In light of these facts, we hold that the trial judge did not abuse his discretion in concluding that the danger of unfair prejudice did not substantially outweigh the probative value of this evidence." That, however, does not alter the fact it is a useful analogy when determining whether lawful and unlawful portions of a search warrant can be properly severed in order to uphold the remaining partial warrant.[3]

*Riley v. California*, 134 S.Ct. 2473, 2488-2489 (2014), illustrates the right to be free from unreasonable searches and seizures is the very essence of our Constitutional Democracy: "The United States asserts that a search of all data stored on a cell phone is 'materially indistinguishable' from searches of [common personal] physical items. That is like saying a ride on horseback

---

[3] The late Justice Robert Jackson of the United States Supreme Court eloquently expressed our core concern here more than sixty-five years ago: "The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Johnson v. United States*, 333 U.S. 10, 13 (1948).

is materially indistinguishable from a flight to the moon. Both are ways of getting from point A to point B, but little else justifies lumping them together. Modern cell phones, as a category, implicate privacy concerns far beyond those implicated by the search of a cigarette pack, a wallet, or a purse. A conclusion that inspecting the contents of an arrestee's pockets works no substantial additional intrusion on privacy beyond the arrest itself may make sense as applied to physical items, but any extension of that reasoning to digital data has to rest on its own bottom."

Additional observations are appropriate. *See, State v. Duarte*, 389 S.W.3d 349 (Tex. Crim. App. 2012): "A magistrate should not be a rubber stamp. 'In order to ensure that such an abdication of the magistrate's duty does not occur, courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued.' " *Id*. at 354 (Citation omitted). *Ramos v. State*, 934 S.W.2d 358 (Tex. Crim. App. 1996): "Invalid portions of a warrant that is essentially general in character but as to minor items meets the requirement of particularity are not severable under this rule." *Id*. at 364, FN 7. *Checo v. State*, 402 S.W.3d 440 (Tex. App.-Houston [14th Dist.] 2013, no pet.): "In both the *Walthall* and *Ramos* cases, the Court of Criminal Appeals cautioned that warrants essentially general in nature—except for minor items that meet the requirement of particularity—

6

may not be severable into valid and invalid portions." *Id.* at 446.

Bearing all the foregoing in mind, it is seen the core language of the warrant in question is "essentially general in character" as the portion pertaining to cocaine is "inextricably intertwined" with all the remainder of the evidentiary warrant Judge McCauliffe was not authorized to issue. The warrant in question was surely not constitutionally subject to severability.

The "fruit of the poisonous tree" doctrine should apply, as well. Law enforcement should be reminded search warrant affidavits must be tailored to the situation at hand. Law enforcement must also abide by the law that prohibits certain magistrates from issuing evidentiary search warrants. *See generally, Thornton v. State*, 145 S.W.3d 228 (Tex. Crim. App. 2004)[4] which provides an apt and succinct explanation of the "fruit of the poisonous tree" doctrine we believe should have prohibited the execution of the invalid search warrant in question:

> "The United States Supreme Court's Fourth Amendment
> "fruit of the poisonous tree" exclusionary rule jurisprudence
> makes clear that not all evidence is "fruit of the poisonous tree"

---

[4] Cf., *Carmen v. State*, 358 S.W.3d 285 (Tex. App.-Houston [1st Dist.] 2011, pet. ref'd): "Under the 'fruit of the poisonous tree' doctrine, evidence may not be used against a criminal defendant if it was obtained by exploitation of an illegal search or seizure and not by means sufficiently distinguishable to be purged of the primary taint. *Wong Sun v. United States*, 371 U.S. 471, 484, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963); *Thornton v. State*, 145 S.W.3d 228, 232 (Tex.Crim.App.2004); *see also* TEX.CODE CRIM. PROC. art. 38.23(a) (West 2005) ('No evidence obtained ... in violation of ... the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.')." *Id.* at 293.

7

simply "because it would not have come to light but for the illegal actions of the police." *See Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963). The "more apt question" is "whether, granting establishment of the primary illegality, the evidence ... has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *See id.* The Supreme Court summarized its Fourth Amendment exclusionary rule jurisprudence with respect to unlawful searches/seizures in *Murray v. United States,* 487 U.S. 533, 108 S.Ct. 2529, 2533, 101 L.Ed.2d 472 (1988):

> The exclusionary rule prohibits introduction into evidence of tangible materials seized during an unlawful search, [citation omitted], and of testimony concerning knowledge acquired during an unlawful search, [citation omitted]. Beyond that, the exclusionary rule also prohibits the introduction of derivative evidence, both tangible and testimonial, that is the product of the primary evidence, or that is otherwise acquired as an indirect result of the unlawful search, up to the point at which the connection with the unlawful search becomes "so attenuated as to dissipate the taint," [citations omitted].

This jurisprudence also recognizes that "unbending application of the exclusionary sanction to enforce ideals of governmental rectitude would impede unacceptably the truth-finding functions of judge and jury." *See United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 3412, 82 L.Ed.2d 677 (1984). Because of its substantial interference with the criminal justice system's truth-finding function, the application of the exclusionary rule should be "restricted to those areas where its remedial objectives [of deterring future unlawful police conduct] are thought most efficaciously served." *See Leon,* 104 S.Ct. at 3412–13; *New York v. Harris,* 495 U.S. 14, 110 S.Ct. 1640, 1645, 109 L.Ed.2d 13 (1990) (Marshall, J., dissenting) (because deterrence is a principal purpose of the exclusionary rule, the attenuation analysis must be driven by an

understanding of how extensive exclusion must be to deter Fourth Amendment violations)."

In accordance with all the foregoing, review should be granted so this Court can make plain to the Bench and Bar the constitutionally proper parameters of the doctrine of severability. Severability should not be used to save a search warrant that is more than ninety per cent outside the boundaries prescribed by law, and that alone necessitates review.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays this Court grant discretionary review and oral argument and, after full briefing on the merits, issue an opinion reversing and this conviction and remanding this cause to the trial court.

Respectfully submitted,

/s/ Stan Brown
STAN BROWN
P.O. BOX 3122
ABILENE, TEXAS 79604
325-677-1851
FAX 325-677-3107
STATE BAR NO. 03145000
EMAIL: mstrb@aol.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that on this ___18th___ day of December, 2015, a true and correct copy of the above and foregoing Petition for Discretionary Review was emailed to Britt Lindsey, Appellate Section, Taylor County District Attorney's Office, Taylor County Courthouse, Abilene, Texas lindseyb@taylorcountytexas.org; James Eidson, District Attorney, Taylor County Courthouse, Abilene, Texas eidsonj@taylorcountyteas.org; and to Ms. Lisa McMinn, State Prosecuting Attorney, at information@spa.texas.gov.

/S/ Stan Brown
STAN BROWN

## CERTIFICATE OF COMPLIANCE

I hereby certify that according to my computer program used to prepare the foregoing document, the word count, in accordance with Tex. R. App. P. 9.4, is ____1807____ words; and further certify that the brief is in Times 14-point type, except for footnotes which are Times 12-point type.

/S/ Stan Brown

STAN BROWN

# APPENDIX



In The

# Eleventh Court of Appeals

No. 11-14-00182-CR

**ALVIN VAN SPOTWOOD, III, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 10745-D**

## OPINION

Alvin Van Spotwood, III entered an open plea of guilty to a second-degree felony offense of possession of four or more grams but less than 200 grams of a controlled substance, cocaine, in a drug-free zone.[1] The State and Appellant agreed, in a limited agreement, that Appellant's punishment would be capped at imprisonment for ten years. The trial court assessed Appellant's punishment at confinement for eight years and sentenced him. Appellant asserts in a single issue that the trial court improperly denied his motion to suppress. We affirm.

---

[1]TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010), § 481.134(c) (West Supp. 2014).

## I. *Evidence Presented at the Hearing on the Motion to Suppress*

Scott Ferrell, a police officer with the Abilene Police Department, received information from a confidential informant that Appellant had possession of cocaine at Appellant's residence. Officer Ferrell prepared an affidavit to support an arrest and search warrant. He alleged that Appellant possessed cocaine and other items at Appellant's residence.[2] Mike McAuliffe, a justice of the peace, reviewed Officer Ferrell's affidavit. Justice of the Peace McAuliffe issued an arrest and search warrant to search Appellant's residence. The warrant provides in relevant part:

> YOU ARE THEREFORE COMMANDED TO FORTHWITH SEARCH THE PLACE ABOVE NAMED AND DESCRIBED WHERE THE SAID CONTROLLED SUBSTANCE, TO WIT: *Cocaine, and/or items that constitute evidence relating to the said offense*, including items described in the attached affidavit, to include, correspondence, telephone bills, utility bills, utility company receipts, drug notes, drug ledgers, scales, packaging materials, price lists, customer names, address books, statements regarding the identity, location, types and amounts of assets in the United States, air bill package receipts, business records, cellular telephones, electronic data contained in cellular phones, pagers, caller ID devices, money orders, U.S. Currency and other financial instruments, safes and other locked containers, photographs, videotapes and negatives, which are alleged to be concealed, and if you find such controlled substances, and/or items that constitute evidence relating to said offense, or any portion thereof, you will seize the same and bring it before me at my office, situated in Abilene, Taylor County, Texas on the 11th day of December, 2012, A.D.

(emphasis added). When police officers executed the search warrant, they found cocaine, other contraband, and several items indicating ownership of narcotics.

---

[2]The grand jury indicted Appellant for possession of more than four grams but less than 200 grams of a controlled substance, cocaine, within 1,000 feet of a school, the Kid's Corner Learning Center, in Abilene. The grand jury also indicted Appellant for possession of more than four grams but less than 200 grams of a controlled substance, cocaine, with intent to deliver, within 1,000 feet of a school.

Appellant moved, before trial, to suppress evidence seized under the search warrant. Appellant claimed that the warrant was an "evidentiary" search warrant and had to be issued by a statutorily defined magistrate—not a justice of the peace. *See* TEX. CODE CRIM. PROC. ANN. arts. 18.01(c), 18.02(10) (West 2015). The State did not dispute that Justice of the Peace McAuliffe lacked the authority to issue certain portions of the warrant and even characterized his doing so as an "error on the part of the police." Instead, the State argued that the cocaine and items that demonstrated Appellant's ownership of the cocaine should be admitted because Justice of the Peace McAuliffe could issue a warrant for their seizure. *See* CRIM. PROC. art. 18.02(a)(7).

The trial court announced its decision in its findings of fact and conclusions of law. In the findings, the trial court found that Justice of the Peace McAuliffe was authorized, under Section 18.02(a) of the Texas Code of Criminal Procedure, to sign the search warrant for the police to seize the cocaine. The trial court held that the part of the search warrant that authorized the seizure of "cocaine" was "valid." The trial court also held that the remainder of the warrant was invalid, and it severed the "valid" part from the "invalid" part. The trial court then suppressed the items seized under the "invalid" part of the warrant.

## II. *Standard of Review*

We review the trial court's decision on a motion to suppress evidence under a bifurcated standard of review. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007) (citing *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005)); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000) (citing *Guzman v. State*, 955 S.W.2d 85, 88–89 (Tex. Crim. App. 1997)). Appellate courts should afford almost total deference to a trial court's determination of the historical facts that the record supports, especially when the trial court's findings of fact are based on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d

3

at 88–89. We review de novo the trial court's application of the law. *Id.*; *Carmouche*, 10 S.W.3d at 327; *Davila v. State*, 4 S.W.3d 844, 847–48 (Tex. App.—Eastland 1999, no pet.). We review the evidence in the light most favorable to the trial court's decision and will uphold that decision if it is reasonably supported by the record. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006); *Carmouche*, 10 S.W.3d at 327.

### III. *Analysis*

Appellant contends that the trial court erred when it refused to suppress the cocaine and other items seized under the search warrant. Appellant contends (1) that the core language of the warrant was general in character and (2) that the "valid" description of cocaine was "inextricably intertwined" with the core language of the warrant. He claims that the warrant was wholly evidentiary because the "valid" portion of the warrant was "inextricably intertwined" with the "invalid" portion. He thus argues that the trial court abused its discretion when it ordered the "valid" portion of the warrant severed from the "invalid" portion.

The Court of Criminal Appeals, in *Walthall v. State*, adopted a rule of severability by which invalid portions of a warrant may be severed from the valid portions. *See Walthall v. State*, 594 S.W.2d 74, 79 (Tex. Crim. App. [Panel Op.] 1980). However, the court cautioned that severability should not be used to allow warrants that are "essentially general in character *but as to minor items meet the requirement of particularity.*" *Id.* (emphasis added) (quoting *Aday v. Superior Court*, 362 P.2d 47, 52 (Cal. 1961)). Consequently, with the exclusion of an essentially general warrant, the appropriate remedy when presented with a partially invalid warrant "is not to suppress the fruits of the entire warrant but to strike the offending clauses and exclude evidence that does not fit within the warrant as modified." *Ramos v. State*, 934 S.W.2d 358, 363 & n.7 (Tex. Crim. App. 1996) (citing *Walthall*, 594 S.W.2d at 79).

4

Appellant requests that we impose an "inextricably intertwined" standard to tie the contents of the warrant together and invalidate the severance of the warrant by the trial court. Appellant cites no case law to support his position, and we have not found a case that applied the "inextricably intertwined" standard in this context. We decline to adopt such a standard. We will analyze the issue in light of *Walthall*'s concerns and address whether cocaine was a minor item listed in an otherwise "essentially general" warrant. *See Walthall*, 594 S.W.2d at 79. In Officer Ferrell's affidavit, he alleged that Appellant "did then and there unlawfully possess and does at this time unlawfully possess a substance prohibited by the Health and Safety Code of the State of Texas, To-Wit: Cocaine." The affidavit alleged no other offense. Under such circumstances, cocaine—the possession of which was the linchpin of Officer Ferrell's affidavit—cannot be described as a "minor item." *See Id.*; *Checo v. State*, 402 S.W.3d 440, 446 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd.). Consequently, the trial court did not abuse its discretion when it severed the warrant into two parts and found that the authorization of the seizure of cocaine was valid, while the remainder of the warrant was invalid. *See Ramos*, 934 S.W.2d at 363–64; *Walthall*, 594 S.W.2d at 79; *Checo*, 402 S.W.3d at 446. We overrule Appellant's sole issue.

### IV. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

October 30, 2015                                                        JUSTICE

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5



11TH COURT OF APPEALS
EASTLAND, TEXAS
JUDGMENT

Alvin Van Spotwood, III,

Vs. No. 11-14-00182-CR

The State of Texas,

\* From the 350th District
Court of Taylor County,
Trial Court No. 10745-D.

\* October 30, 2015

\* Opinion by Willson, J.
(Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.)

This court has inspected the record in this cause and concludes that there is no error in the judgment below. Therefore, in accordance with this court's opinion, the judgment of the trial court is in all things affirmed.